## McCALLA *vs.* THE STATE OF GEORGIA.

To warrant a conviction based on the testimony of an accomplice the corroborating circumstances should be such as, independently of his testimony, to lead to the inference that the defendant is guilty. Facts which merely cast on the defendant a grave suspicion of guilt are not sufficient.

Criminal Law. Charge of Court. Before Judge HILL-YER. Fulton Superior Court. October Adjourned Term, 1880.

Reported in the decision.

VAN EPPS & CALHOUN, for plaintiff in error.

B. H. HILL, Jr., solicitor general, for the state.

SPEER, Justice.

The defendant, Charles P. McCalla, was indicted for the offense of forgery, and under the evidence and charge of the court was found guilty. Whereupon he made a motion for a new trial on various grounds as set forth in the record. During the trial one William E. Rynehart was sworn as a witness for the state, who was alleged to be, and sworn as, an *accomplice* in the offense alleged to have been committed by the accused.

Among other grounds (none other of which do we deem it necessary to consider in *the view we take of the case) was the fifth ground of the motion in the following language:

5th. Because the court erred in charging the jury as follows, "You will look to all the evidence and see if the facts outside of *his*, the *accomplice's*, testimony and without it are sufficient to cast on him, defendant, a *grave suspicion* of guilty knowledge in the matter. If so, and that suspicion be not proved away, then the testimony of the

accomplice would be corroborated; all this, like all other facts in the case, are to be passed upon by you in the light of the evidence. The jury are the exclusive judges of the facts—the responsibility is on you. So I repeat, if there be such corroboration as I have explained to you, you will be authorized to find a verdict of guilty, but if there be no such corroboration, be sure and do not find such verdict." Was this charge error?

Code, section 3755 provides, "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases, such as to convict of treason or perjury—in any case of felony, where the only witness is an accomplice, and to rebut a responsive statement in an answer in equity; in these cases, except in treason, corroborating circumstances may dispense with another witness."

At common law there is no settled rule on this subject. It is laid down in the books, it is true, that a conviction could have been had on the uncorroborated evidence of an accomplice, and yet, on the other hand, it is also a well recognized rule for the court to advise the jury what is right and proper, but at last, whether a conviction shall be had depends on the jury, and the judges let the verdict stand or not accordingly as they think upon the whole defendant is guilty or not.

But whatever may be the rule in England, our own statute plainly declares as a rule of law that in cases of felony the evidence of an accomplice is not sufficient, which means that some fact or facts must be shown by other witnesses tending to show guilt in the person on trial.

In the case of *Childers vs. State*, 52 *Ga.*, 106, a majority of this court ruled, "That in a case of felony where the only witness implicating the prisoner in the crime was himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as to connect the prisoner with the offense, and that it is not sufficient that the witness is corroborated as to the

time, place and circumstances of the transaction, if there be nothing to show any connection of the prisoner there-with."

In the case at bar the court charged the jury on the subject of that corroboration which the law demands to sustain the testimony of an accomplice in order to convict, "You will look to the evidence and see if the facts outside of his, the accomplice's, testimony, and without it are sufficient to cast on him, defendant, a grave suspicion of guilty knowledge in the matter. If so, and that suspicion be not proved away, then the testimony of the accomplice would be corroborated." In this charge we are constrained to believe there was error in the rule of law laid down by the court against the defendant. Will mere facts outside of the accomplice's testimony that excite a grave suspicion in the mind of the jury furnish that corroboration that the law demands before a conviction can be had? We think not. Suspicion is defined by a standard lexicographer to be "the act of suspecting, or the state of being suspected, imagination, generally of something ill, distrust, mistrust, doubt. Could it be said that facts that excite a grave distrust, mistrust, or doubt, would corroborate an accomplice's testimony? It is difficult to lay down any fixed or definite rule as to what facts would be sufficient corroboration, so ever varying are the facts and circumstances that arise in human testimony.

The corroboration required to validate the testimony of an alleged accomplice should be to the person of the accused, and tending to show his guilt, not a mere suspicion of his guilt, whether grave or light. The human mind is so constructed that where one is indicted for a grave offense the mere charge itself will excite a suspicion of guilt. Involuntarily it springs into action, and we look upon such a one in his position with "distrust and doubt." To hold that when the facts proved make these suspicions grave they would warrant a conviction with the otherwise uncorroborated testimony of an accomplice, would

be an unsafe rule, and one we think not warranted by law. The wiser and the more humane rule we think would be for the judge to tell the jury that if the accomplice be uncorroborated as to the person of the accused they must acquit. In other words, the rule as we understand it is, " There should be some fact deposed to independently altogether of the evidence of the accomplice, which, taken by itself, leads to the inference not only that a crime has been committed, but that the prisoner is implicated in it." Ros. Crim. Ev., 122. With this view of the law we are forced to conclude the charge excepted to was error and prejudicial to the legal rights of the accused.

Code, section 3715, declares, " A new trial may be granted in all cases when the presiding judge may deliver an erroneous charge to the jury against such applicant on a material point." We must hold in this case the charge of the court was erroneous, that it was against the applicant and material and our duty is to reverse the judgment below.

Judgment reversed.