### 3185.   BISHOP *v.* THE STATE.

It is not essential that the testimony in corroboration of an accomplice shall of itself be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice shall be corroborated in every material particular; but it is necessary, in addition to the corroboration of the accomplice, that the testimony shall be of itself sufficient to raise an inference that the defendant is guilty.   The corroborative evidence in the present case is wholly insufficient for that purpose, and the conviction, resting solely upon the testimony of a confessed accomplice, should have been set aside.

DECIDED APRIL 11, 1911.

Indictment for burglary; from Whitfield superior court—Judge Fite.   January 3, 1911.

*George G. Glenn, Maddox, McCamy & Shumaté,* for plaintiff in error.

*T. C. Milner, solicitor-general, George W. Stevens,* contra.

RUSSELL, J.   There are several assignments of error in the motion for new trial.   We shall deal only with one of them.   We deem the verdict contrary to law, because it appears to rest solely upon the testimony of a self-confessed accomplice.   For this reason it is unnecessary to determine whether the court correctly charged the jury that the defendant, if guilty, was not merely an accessory before the fact, but that, having furnished the key with which the burglary was committed, he was in law a principal.   Without ruling upon the point, we are rather inclined to the opinion that if there had been any evidence other than that derived from the statement of the accomplice to the effect that the defendant, Bishop, furnished Roberts, who actually committed the burglary, with the key, Bishop could properly be treated as a principal.   If A. burglarizes a store, effecting his entrance with a key with which he has been supplied by B. for the express purpose of committing the particular burglary, it would seem that in law it would be A.'s hand, as well as B.'s, which turned the lock and effected the entrance with intent to steal, although B. alone might carry away the goods, and A. be not personally present.   It might appear, as in the present case, that A. had procured, counseled, and commanded B. to commit the felony; but the relationship of accessory before the fact would be merged into a principalship when A., by furnishing the key, in fact aided and abetted B. in the burglary.

The trouble with this case, however, is that the conviction plainly depends entirely upon the testimony of the accomplice; for the circumstances corroborative of his testimony are entirely inconclusive as tending to connect the defendant with the perpetration of the offense as detailed by the accomplice.   Carl Roberts testified that he burglarized the hardware store of the Fite-Ferrell Hardware Company, of Dalton, one Saturday night, effecting his entrance by means of a key with which he had been supplied by the defendant, Harry Bishop.   According to his testimony, he was told by Bishop to throw a brick through the window, so as to leave the impression that the entrance was effected by means of the window; and he says he did this; and bricks were found inside the store, where the window pane had been shattered.   He says that Bishop told him where

the pistols were kept, and that there was one second-hand pistol. He found the pistols where Bishop told him they were to be found, and when the pistols were recovered by the officers in Roberts' possession there was one second-hand pistol among them, identified by witnesses as having been contained in the storehouse.

As to most of the circumstances, however, corroborative of the testimony of the accomplice as to the incidents of the burglary, there is a complete failure to show any connection of the defendant therewith, outside of the testimony of the accomplice himself. Therefore, as ruled in the case of *Childers* v. *State,* 52 *Ga.* 106, the circumstances in this case, with the exception of two or three to which we shall presently refer, are worthless, because they do not connect the prisoner with the offense. "It is not sufficient that the witness is corroborated as to the time, place, and circumstances of the transaction, if there be nothing to show any connection of the prisoners therewith, except the statement of the accomplice." The fact that the defendant was found with a key which fit the door, and that the window glass was broken with a brick, and that the accomplice was found with a second-hand pistol, are none of them in any wise connected with the defendant on trial. Now, it is true that the defendant's father owned the stock before it was sold to the Fite-Ferrell Hardware Company. It was shown that the defendant worked in Mr. Perry's shop upon some keys and a hypodermic syringe. It is also true that upon Sunday, after the burglary of Saturday night, the defendant went to the home of the alleged accomplice and inquired for him. So far as we are able to discover, these are the only incriminatory circumstances in the record.

The question which arises, then, is whether these circumstances, disconnected from the testimony of the accomplice, would of themselves naturally lead to the inference that the defendant aided and abetted in the burglary in question. To our minds, to ask this question is to answer it; for it is plain that all of the circumstances corroborative of the statement of the accomplice which are supported by aliunde proof are at least as fully consistent with the hypothesis of innocence as with that of guilt. It would never do to hold that even if the defendant had been seen to make the key which was found in the possession of the accomplice, this of itself would corroborate the accomplice's testimony as to the manner in

which he acquired possession of the key. If this were true, every key repairer would be in danger whenever a burglary was committed and an entrance effected by means of a key. Likewise, the mere fact that the defendant on Sunday inquired for Roberts, who confessedly committed the burglary, does not in this case tend to connect the defendant with the perpetration of the offense, as in the cases cited by counsel for the State. In each of the cases cited there was evidence of the existence of intimate relations between the accomplice and the accused; which is a circumstance of considerable probative value. In the case at bar this additional element does not appear. There is no evidence of any especial intimacy between Bishop and Roberts.

Upon review of the evidence, we are satisfied that there was a complete failure on the part of the State to connect the defendant with the offense by corroborating the testimony of the accomplice, and we are therefore of the opinion that the court erred in overruling the motion for new trial.        *Judgment reversed.*