6892. BUTLER *v.* THE STATE.

WADE, J. 1. That in order to warrant a conviction of a felony upon the testimony of an accomplice, the corroborating circumstances must be such as would lead to the inference that the defendant is guilty, independently of the testimony of the accomplice, is an inflexible rule. *Childers* v. *State*, 52 *Ga.* 106; *Hammack* v. *State*, 52 *Ga.* 398, 403; *McCrory* v. *State*, 101 *Ga.* 779 (28 S. E. 921); *Milner* v. *State*, 7 *Ga. App.* 82; *Smith* v. *State*, 7 *Ga. App.* 781 (68 S. E. 335); *Bishop* v. *State*, 9 *Ga. App.* 205 (70 S. E. 976); *Baker* v. *State*, 14 *Ga. App.* 578, 586 (81 S. E. 805); *Taylor* v. *State*, 110 *Ga.* 150 (3), 153 (35 S. E. 161); *Rice* v. *State*, 16 *Ga. App.* 128 (84 S. E. 609). "Facts which merely cast on the defendant a grave suspicion of guilt are not sufficient." *McCalla* v. *State*, 66 *Ga.* 346. "Corroboration of an accomplice upon the facts and circumstances of the corpus delicti, when these facts and circumstances have no more tendency to fix guilt upon the accused than upon any other person, will not dispense with corroboration of that part of the testimony of the accomplice which goes to identify the accused as the perpetrator or one of the perpetrators of the crime." *Blois* v. *State*, 92 *Ga.* 584 (20 S. E. 12).

(a) In this case the testimony of the accomplice agrees with some of the few corroborating circumstances proved, but all that the accomplice testified to would have applied as well to any other person as to the defendant, if the accomplice had named another person instead of the defendant. Nothing but the testimony of the accomplice identified the accused as one of the perpetrators of the crime, and outside of that testimony there were no circumstances in proof which, independently of the testimony of the accomplice, would authorize an inference of the guilt of the accused. The trial judge therefore erred in overruling the motion for a new trial.

2. The amendment to the motion for a new trial relates to matters occurring during the progress of the trial which would scarcely arise again, and therefore need not be discussed.          *Judgment reversed.*

                    DECIDED JANUARY 21, 1916.

Indictment for larceny of cow; from Dougherty superior court —Judge Cox. August 7, 1915.

*D. H. Redfearn*, for plaintiff in error.

*R. C. Beall, solicitor-general, F. A. Hooper*, contra.