## 9057. LAWSON v. THE STATE.

There was not sufficient evidence to corroborate the testimony of the confessed accomplice, and the trial judge erred in overruling the motion for a new trial.

DECIDED OCTOBER 31, 1917.

Indictment for burglary; from Harris superior court—Judge Howard. June 23, 1917.

Freeman Lawson was convicted of the burglary of the drug-store of one McDonald, and he excepts to the overruling of his motion for new trial, based on the general grounds only. The only question that is raised is, whether there is sufficient evidence connecting the defendant with the burglary, independent of the testimony of one James Hamlin, a self-confessed accomplice. The witness McDonald testified that his drug-store was entered at night through a side window near the rear, a little slot machine was broken open and the money taken out, and as much as ten dollars in nickels and about half a cupful of pennies were taken out of the money drawer. He testified that the defendant came often into his store; that after the burglary he found tracks behind his store. He stated: "There was a peculiarity about the defendant's track —just kinder a nubby ended track, didn't make the print of any heel. That was on the outside of the store. The defendant's toes is cut off." This witness also stated that he saw the defendant the next morning, searched his person and his residence, but did not find any money at all. The witness Moon, sworn for the State, also saw the track outside the store, about ten or twelve feet from the store in the patch, where some one had crossed over the fence, lead-

ing from the store. He stated: "There was a peculiarity about the track, seemed like it didn't have any toes. I do not know anybody with a track like that except Freeman Lawson and Mr. Bill Lane. Freeman Lawson has a nub foot. The person who crossed the wire made no print of his toes." The State's witness Jackson testified: "I saw Freeman Lawson after the burglary with some money—less than a dollar total; nickels and dimes, I think, was the denomination."

*J. R. Lunsford,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.

HARWELL, J. (After stating the foregoing facts.) It will be seen that the only testimony, other than that of the accomplice, relied upon to connect this defendant with the perpetration of the crime is the evidence of the tracks found behind the prosecutor's store, and the evidence that defendant was seen, after the burglary, with some money, less than a dollar, in the denomination of nickels and dimes. It appears that the tracks seen near the store were made, according to the State's evidence, either by this defendant or a certain Lane, these two persons being the only ones in the community whose foot would make a track of this nature. In our opinion the evidence as to this track is the only circumstance connecting the defendant with this burglary. The testimony that defendant was seen with "some" money after the burglary, consisting of nickels and dimes in amount less than a dollar, does not connect him in any manner with a burglary wherein more than ten dollars in nickels and pennies were stolen. If this were true there were doubtless a number of good citizens in the same community who could have been, with equal certainty, connected with this crime. It is true that the evidence in corroboration of the testimony does not have to be sufficient of itself to warrant a conviction; but, on the other hand, it must be sufficient, independently of the accomplice's testimony, to connect the defendant with the commission of the crime. It must go further than casting a grave suspicion on the accused; it must lead to the inference that he is guilty. *Taylor* v. *State,* 110 *Ga.* 151 (3) (35 S. E. 161); *Bishop* v. *State,* 9 *Ga. App.* 205 (70 S. E. 976). Had the tracks found behind the store been conclusively shown to be those of the defendant, and the money with which he was seen shown to be in similar denominations and proportions with the money stolen, the circum-

stances connecting him with the crime would have been much stronger. However, under the testimony, it is as fair to conclude that the tracks were made by another person in the same community, having the same peculiarities in his foot, as that they were made by defendant. The fact that a small amount of money of different denomination from that stolen was in the defendant's possession at some indefinite time after the burglary is no circumstance at all. We are further influenced in reaching this conclusion by the overwhelming and uncontradicted evidence showing the bad character of the accomplice, his unworthiness of belief, his previous contradictory statements to the effect that the accused was not involved in this crime, and his expressed purpose, prior to this trial, to make the defendant suffer for some past grievance. Though the credibility of the accomplice was solely for the jury, these circumstances go to show that the rule in force in this State as to the sufficiency of corroborative testimony in such cases should be applied in this case with not less care than in those formerly decided by our courts. Because of the insufficiency of the evidence, the court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*