### 9142. COURSON *v.* THE STATE.

BLOODWORTH, J. 1. "It is not essential that the testimony in corroboration of an accomplice shall of itself be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice shall be corroborated in every material particular; but it is necessary, in addition to the corroboration of the accomplice, that the testimony shall be of itself sufficient to raise an inference that the defendant is guilty. The corroborative evidence in the present case is wholly insufficient for that purpose, and the conviction, resting solely upon the testimony of a confessed accomplice, should have been set aside." *Bishop* v. *State,* 9 *Ga. App.* 205 (70 S. E. 976).

2. "To authorize a conviction on the testimony of an accomplice, the same must be corroborated by evidence connecting the accused with the perpetration of the offense. Corroborating evidence which, without going to this extent, merely casts a grave suspicion upon the accused is not sufficient." *Taylor* v. *State;* 110 *Ga.* 151 (35 S. E. 161).

3. As the case is to be remanded because of these rulings, it is unnecessary to pass upon the errors alleged in the amendment to the motion for a new trial, for if errors were committed as therein claimed, they will probably not occur on another trial.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*

DECIDED OCTOBER 31, 1917.

Indictment for burglary; from Bacon superior court—Judge Summerall. July 12, 1917.

The defendant, with two others, was indicted for breaking and entering the depot of the Atlanta, Birmingham and Atlantic Railroad Company, and stealing therefrom thirty quarts of whisky. The evidence for the State showed that the depot was broken into and certain liquors taken therefrom, as alleged in the indictment. Early Thomas, an accomplice jointly indicted with this defendant, testified that he, the defendant, and Herschel Johnson went to the depot, and, while he watched, the other two broke and entered the depot and obtained the liquor. The only evidence, ex-

cept that of the accomplice, by which the State sought to connect the accused with the crime, was that of H. W. Andrews and L. S. Guthrie, and a rule nisi granted at the November adjourned term, 1915, preceding the trial of the accused in October, 1916. Andrews testified: "I know Joe Courson; I remember the day his case was called for trial here at the November adjourned term of the court in 1915. I saw him here in town immediately before his case was called. I saw him some time that morning before 'his case was called for trial, down on the street. I heard his case called. I had seen him down town some time that morning. I don't know whether he was gone or not, but he was not in the court-room; but I couldn't swear positively whether he was gone or not; he was not around the court-room. I didn't see him leave." Guthrie testified as follows: "I was a bailiff at the November adjourned term of this court in the year 1915. I was in court when Joe Courson's case was called. Joe Courson was not in court then. I had just passed him a few minutes before then on the street before I came up here. I don't think anybody said for me to go down there and hunt him. That was the first time the case was called. He never did appear. He didn't appear in court at that term. I had gone down the street after some other witnesses, and saw him down there, and come right on back in a hurry. His case was sounded and the bond forfeited right after I got in the court-house."

*Padgett & Watson*, for plaintiff in error.

*M. D. Dickerson, solicitor-general*, contra.