### 11644.  MANNING v. THE STATE.

To warrant a conviction of a felony on the testimony of an accomplice, there must be such corroborating circumstances as will in themselves and independently of that testimony lead to an inference of the guilt of the accused.  No evidence in this case outside of that of an alleged accomplice connects the accused with the perpetration of the crime or leads to an inference of his guilt.
DECIDED JULY 28, 1920.

Indictment for larceny of hog; from Brooks superior court — Judge Thomas.  May 6, 1920.

*Bennet & Harrell,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.

BLOODWORTH, J.  Plaintiff in error was convicted of simple larceny (hog-stealing).  The chief witness against him was an alleged accomplice.  While the question as to whether or not there is sufficient corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly for the jury, and while it is true that slight evidence corroborating the testimony of the accomplice may be sufficient to authorize a jury to find the defendant guilty, this corroborating evidence must *within itself* connect the defendant with the crime.  It is "an inflexible rule" that "in order to warrant a conviction of a felony upon the testimony of an accomplice, the corroborating circumstances must be such as would lead to the inference that the defendant is guilty independently of the testimony of the accomplice."  *Butler* v. *State, 17 Ga. App.* 522 (1) (87 S. E. 712).  See cases there cited; and see also *Nance* v. *State, 126 Ga.* 95

(1) (54 S. E. 712). Eliminating from this case the testimony of the alleged accomplice, there is left no evidence "to connect the accused with the perpetration of the offense and lead to the inference of his guilt."

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*