### 13933. GRIFFIN v. THE STATE.

BROYLES, C. J. The verdict was amply authorized by the evidence and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 14, 1922.

Indictment for making liquor; from Randolph superior court — Judge Worrill. August 12, 1922.

*Charles W. Worrill,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold, E. C. Hill,* contra.

---

### 13750. FLOURNOY v. THE STATE.

BROYLES, C. J. 1. In order to warrant . conviction of a felony upon the testimony of an accomplice, there must be corroborating circumstances which, in themselves *and independently of the testimony of the accomplice, directly* connect the accused with the crime charged, or lead to the inference of his guilt. *Butler* v. *State,* 17 *Ga. App.* 522 (87 S. E. 812), and citations; *Stokes* v. *State,* 19 *Ga. App.* 235 (91 S. E. 271), and citations; *Roberson* v. *State,* 25 *Ga. App.* 18 (102 S. E. 378); *Collins* v. *State,* 26 *Ga. App.* 685 (107 S. E. 178). Under this ruling the defendant's conviction was unauthorized, and the court erred in overruling his motion for a new trial.

2. The foregoing ruling being controlling in the case, it is unnecessary to consider the other assignments of error.

*Judgment reversed. Luke, J., concurs.*

BLOODWORTH, J., concurring specially. When this case was first before this court (28 *Ga. App.* 350, 111 S. E. 443), it was held that the evidence was insufficient to warrant a verdict of guilty. As to the main facts there is no material variance between the evidence in the present record and that in the record when the case was first before this court, and the decision then rendered is controlling. For this reason I concur in the present judgment.

DECIDED NOVEMBER 14, 1922.

Indictment for burglary; from Putnam superior court — Judge Park. May 29, 1922.

*Stubbs & Duke,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.