### 22861. LYONS v. THE STATE.

BROYLES, C. J. 1. "'To sustain a conviction [of a felony] upon the testimony of an accomplice, there must be corroborating circumstances which, *in themselves and independently of the testimony of the accomplice*, directly connect the defendant with the crime, or lead to the inference that he is guilty (italics ours).' *Childers* v. *State*, 52 *Ga.* 106; *Baker* v. *State*, 14 *Ga. App.* 578 (4), 585 (80 S. E. 805) ; *Stokes* v. *State*, 19 *Ga. App.* 235, 238 (91 S. E. 271). Facts which create merely a grave suspicion of the defendant's guilt are insufficient to corroborate the testimony of the accomplice (*McCalla* v. *State*, 66 *Ga.* 346). 'Even where the facts in proof so far agree with the evidence of the accomplice as well-nigh to convert a grave suspicion against the accused into a moral conviction of his guilt, yet if these facts, when considered entirely apart from and independently of the evidence of the accomplice, fail in themselves, and without regard to the testimony of the accomplice, to connect the accused with the commission of the crime, a conviction is unauthorized.' *Stokes* v. *State*, supra." *Jolly* v. *State*, 41 *Ga. App.* 494 (153 S. E. 432).

2. Under the foregoing ruling and the facts of the instant case, there was no sufficient corroboration of the testimony of the accomplice, and the defendant's conviction of the offense of arson was unauthorized, and the refusal to grant him a new trial was error. In view of this ruling, which controls the case, the special assignments of error are not considered. *Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 24, 1933.

*J. A. Mitchell, E. P. & J. Cecil Davis,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.