## 23482.  BREWER *v.* THE STATE.

760

DECIDED OCTOBER 23, 1933.

*John Camp Davis,* for plaintiff in error.

*James F. Kelly, solicitor-general,* contra.

GUERRY, J. The defendant was convicted of the offense of stealing an automobile belonging to W. T. Henry, a witness in behalf of the State, who testified that a Ford coupé as described in the indictment was stolen from him on January 19, 1933, while standing in front of a hospital in Rome, Georgia; that the car was found at Cave Spring, Georgia, and it had been stripped of tires and wheels and other accessories; and that the tires and wheels of the car were returned to him by the police, but he did not know where the police found them, nor did he know who stole his automobile. Three other witnesses testified to the theft of three other cars belonging to them; the dates of these thefts were January 23d, 28th, and 29th. Each of these cars when found had been stripped of the wheels and tires. J. B. Evans testified that he owned a Ford car and that the defendant Brewer swapped him some tires, which he, Brewer, had in a wood-house at the place where he lived. Jimmie Berry, the self-confessed accomplice, was present when the trade was made between the defendant and the witness and went with witness to get the tires he had traded for with the defendant. "They were Firestone tires, size ninety-four-seventy-five." "The Law" afterwards got them from the witness. Jim Berry, sworn for the State, testified that he had pleaded guilty that morning to stealing each of the four cars, and that the defendant had been with him and helped him steal each of them, that the defendant told him that the accessories from two of the other cars were put in the river and that the last car stolen had been traded for twenty gallons of liquor. The officers found some tires and wheels in the river at the place named, together with some cans of liquor. A careful reading of this evidence will disclose that there has been no identification of any tires alleged to have been on the car of W.

T. Henry, the owner named in the indictment. W. T. Henry testified that he got his tires from the police, but no officer testified that the tires delivered to W. T. Henry had ever been in the possession of the defendant. In fact, we are convinced that there is no evidence in this case apart from the testimony of Jim Berry, the self-confessed accomplice, which directly connects the defendant with the crime or leads to an inference that he is guilty as charged. The only corroboration as to time and place, which of itself is insufficient to connect the defendant with the crime, is as to the alleged trade. See, in this connection, *Childers* v. *State*, 52 *Ga.* 106; *Bishop* v. *State*, 9 *Ga. App.* 205 (70 S. E. 976). It is not shown that the tires traded to Evans were the tires belonging to W. T. Henry. There is no attempt to identify them as being the tires which were taken from Henry's car. The evidence merely asserts that the witness had bought or traded certain tires with the defendant. Independently of the testimony of the accomplice, such evidence does not lead to an inference of the defendant's guilt. *Milner* v. *State*, 7 *Ga. App.* 82 (66 S. E. 280); *Baker* v. *State*, 14 *Ga. App.* 578 (81 S. E. 805); *Courson* v. *State*, 21 *Ga. App.* 153 (94 S. E. 53); *Baldwin* v. *State*, 16 *Ga. App.* 174 (84 S. E. 727). The brief of evidence shows a series of disconnected acts which of themselves are insufficient to support a conviction. If the parts alleged to have been taken from the stolen car had been identified as the tires found in the possession of the defendant, the jury might have been authorized to say that independent facts proved were sufficient to authorize an inference of guilt, apart from the testimony of the accomplice. We think the court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*