## 26338. YAWN *v.* THE STATE.

GUERRY, J. The defendant's motion for new trial is based solely on the general grounds. The chief witness for the State was an accomplice. The corpus delicti was clearly proved, and other facts were shown which, independently of the testimony of the accomplice, led to an inference that the defendant was implicated in the commission of the crime charged. The jury found against the defendant on this issue, and we must hold that the judge did not err in overruling the motion for new trial. *Judgment affirmed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. "That in order to warrant a conviction of a felony upon the testimony of an accomplice, the corroborating circumstances must be such as would lead to the inference that the defendant is guilty, *independently of the testimony of the accomplice* [italics mine], is an inflexible rule. . . 'Facts which merely cast on the defendant a grave suspicion of guilt are not sufficient.' *McCalla* v. *State*, 66 *Ga.* 346." *Butler* v. *State*, 17 *Ga. App.* 522, and cit. In the instant case the circumstances relied on to corroborate the testimony of

the accomplice, while raising a suspicion against the defendant, were, independently of the testimony of the accomplice, insufficient to authorize an inference of his guilt.

DECIDED JUNE 30, 1937.

*Robert R. Forrester,* for plaintiff in error.
*H. C. Morgan, solicitor-general,* contra.