35464. IVEY *v.* THE STATE.

CARLISLE, J. 1. " 'To sustain a conviction [of a felony] upon the testimony of an accomplice, there must be corroborating circumstances which, *in themselves and independently of the testimony of the accomplice* directly connect the defendant with the crime, or lead to the inference that he is guilty (italics ours).' *Childers* v. *State,* 52 *Ga.* 106; *Baker* v. *State,* 14 *Ga. App.* 578 (4), 585 (80 S. E. 805) ; *Stokes* v. *State,* 19 *Ga. App.* 235, 238 (91 S. E. 271). Facts which create merely a grave suspicion of the defendant's guilt are insufficient to corroborate the testimony of the accomplice (*McCalla* v. *State,* 66 *Ga.* 346). 'Even where the facts in proof so far agree with the evidence of the accomplice as well-nigh to convert a grave suspicion against the accused into a moral conviction of his guilt, yet if these facts, when considered entirely apart from and independently of the evidence of the accomplice, fail in themselves, and without regard to the testimony of the accomplice, to connect the accused with the commission of the crime, a conviction is unauthorized.' *Stokes* v. *State,* supra." *Jolly* v. *State,* 41 *Ga. App.* 494 (153 S. E. 432).

2. Under an application of the rules of law stated in division 1 and the facts of this case, there was no sufficient corroboration of the testimony of the accomplice, and the conviction of the defendant was unauthorized. While the corpus delicti was unquestionably established and, together with the accomplice's confession, constituted sufficient evidence to authorize the conviction of the accomplice; and, while the accomplice's testimony was corroborated as to the time, place, and circumstances of the transaction—the testimony of the accomplice concerning the defendant's connection with the commission of the crime was not sufficiently corroborated. *Sanders* v. *State,* 46 *Ga. App.* 175 (167 S. E. 207). Consequently the trial court erred in denying the motion for a new trial, based on the general grounds and three special grounds which are but elaborations of the general grounds.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 3, 1955.

---

*Carl E. Sanders, John F. Hardin, R. Wm. Barton,* for plaintiff in error.

*George Hains, Solicitor-General, Charles H. Britt, Assistant Solicitor-General,* contra.