Wilson *vs.* The State of Georgia.

VINCE WILSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Burglary in the night time being established, attended with larceny of meat, flour, rice, two bolts of cloth and a lady's skirt, all stolen from within the building which was broken open, the prisoner's participation in the burglary is sufficiently made out by evidence that he was a mechanic, and that the breaking was with a tool used in a skillful manner; that next day, grains of rice were found scattered along from the building to his shop, situated in the same enclosure, some grains also being within the shop; and that on executing a search warrant in the afternoon of the same day, at the prisoner's dwelling-house, he being present, the cloth and skirt were found there concealed in his bed: the prisoner failing at the trial to offer any explanatory evidence, or any evidence of good character, but resting upon his statement, made first immediately after the goods were found by the officer in his possession, and repeated at the trial to the jury, which statement was, in substance, that he was absent when the goods were brought to his house on the night of the burglary; that he found them there on his return, and was told by his family that they were brought and left by another man.

Criminal law. Burglary. Before Judge McCUTCHEN. Whitfield Superior Court. April Term, 1875.

Reported in the opinion.

JOHNSON & MCCAMY, for plaintiff in error.

A. T. HACKETT, solicitor general, for the state.

BLECKLEY, Judge.

The plaintiff in error was convicted of burglary. He makes no complaint of the charge of the court, or of any ruling upon evidence. His sole reliance is on the inconclusiveness of the proof made against him. The *corpus delicti* of burglary in the night time was established beyond all question, and the only problem left was, who was the burglar? The jury, on the evidence, thought it was the prisoner before them, and found him guilty. The main features of the evidence, so far as it went to implicate the prisoner, are presented briefly in the head-note. His bed was searched, and

proved to be the hiding place for some of the goods removed from the broken building. He failed to account, satisfactorily, for their possession, or for his own whereabouts on the night of the burglary. Rice was traced into his shop all the way from the broken building, some two hundred feet, by scattered grains wasted in its removal. According to many authorities, the mere possession of stolen goods missed from the building, will not serve as a basis of conviction of burglary: 1 Whar. Cr. Law, section 729; 1 Parker's C. C., 447; Burrell on Cir. Ev., 455–6. But here, while it is the strongest evidence against the prisoner, it is not the only evidence against him. Rice was tracked to his shop; he was a workman, and the door was broken open by a rather skillful driving of a bar, so as to disable the lock at the right place; two bolts of cloth and another article, which came out of the building, were not only found at his house the next afternoon after the burglary, but they were discovered in the bed, covered up and concealed; and he gave no account of them, except by his bare statement that he found them in the house on his return home in the night, and was told by his family that they were brought there and left by some other man. If he is not guilty, he is an unfortunate wretch in the grip of most merciless circumstances. We are willing to take the word of the jury for his guilt, based on these circumstances, and leave the case as we find it. It is not the strongest, but strong enough.

Judgment affirmed.