### 1188. ALLEN v. THE STATE.

1. A confession uncorroborated will not authorize a conviction of crime; nor is a conviction of crime authorized upon a confession even though it be corroborated, where it plainly appears that the confession was induced by even the slightest hope of favor or the remotest fear of injury.

2. The corpus delicti is not established where evidence that a crime has been committed is derived wholly from a confession, even though such confession be freely and voluntarily made. The amount of corroboration which is required to support a confession which has been freely and voluntarily made, and to authorize a conviction upon such a confession, is a question for the jury. But corroboration of the confession does not necessarily afford proof of the corpus delicti.

Indictment for manufacturing spirituous liquor, from Pulaski superior court—Judge Littlejohn. April 3, 1908.

Submitted June 9,—Decided June 18, 1908.

*H. F. Lawson,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.

RUSSELL, J. The defendant was convicted of manufacturing intoxicating liquor in violation of the general prohibition law of this State, approved August 6, 1907 (Acts of 1907, p. 81). It appears, from the evidence, that a respectable lady of Pulaski county and her husband had been assaulted by unknown parties. Naturally the excitement and indignation were general and intense. The defendant was a negro, and shortly before his arrest two negroes, supposed to have been implicated in the assault, had been lynched. The defendant knew this. As he was going along a road he was overtaken by a posse, and the two first men who overtook him were riding in a buggy. One jumped out on one side of the buggy and one on the other, one armed with a gun, while the other presented his pistol at the defendant and commanded him to halt.

The defendant offered no resistance, nor did he make any attempt to flee. He was taken in charge by a party of eight or ten men, who securely tied him with a rope and\carried him into the woods, where he was kept tied about four or five hours. It does not appear that any threats were made with reference to the case now under consideration, or that any inducement of favor was extended to him to procure a confession; but, according to the testimony, he was subjected to a rigid cross-examination with reference to his reasons for having been, a short time previously, in company with one Ike Wells, who was one of the negroes that had just been lynched. The defendant explained his presence at Wells' house by saying that he was there helping Wells to manufacture whisky; and the indictment now before us originated from this confession.

It is clear to our minds that the evidence in this case does not warrant the conviction of the defendant, and that the court erred in overruling his motion for new trial. Outside of his confession, there is no evidence that the defendant ever manufactured any whisky, either for himself or in conjunction with Ike Wells. It is true that one of the witnesses testified that the defendant produced, at the request of the posse, a bottle of "Kennesaw," which is testified to be the kind of whisky made from cane skimmings. But there is nothing to show that this bottle of whisky was made by the defendant, or by his aid, except his statement. We are of the opinion, for this reason, that the corpus delicti was not shown. It is unnecessary, however, for us to deal with this question further than in what is contained in the headnote.

We think the plaintiff in error is entitled to a new trial because the confession was not freely and voluntarily made. And if the confession is excluded, the verdict, being without evidence to support it, is contrary to law. It is true that the witnesses for the State testified that "everything was peaceable" and that the defendant seemed "unafraid." Giving full credit to the witnesses for the State, we do not think that their opinion (for, from the nature of the case, the evidence of these witnesses could only be mere matter of opinion) that the defendant "seemed unafraid" throws as much light on the question whether the defendant confessed voluntarily, or through fear that he had manufactured whisky, as the fright-producing environments of the defendant and their

natural consequences.  If he had properly presented the question as to refusal of the trial judge to rule out this testimony, we would .unhesitatingly hold that all of the evidence in reference to the confession should have been excluded.  As there is no sufficient assignment of error upon the refusal to exclude this testimony, we can not consider the fourth ground of the motion.  The confession stands before us as if it had been admitted to the jury without objection.  This being true, the duty devolved upon the jury to determine for themselves (what the court would have been required to determine in the first instance) whether the confession was freely and voluntarily made.  And this testimony must be governed by the same rules of law as would have controlled the judge in permitting or excluding the evidence.  Under the facts and circumstances of this case, the jury should have disregarded the confession; and without this testimony there was no evidence of the defendant's guilt.  The verdict, therefore, was contrary to law, because without evidence to support it, in the same sense that a verdict in any case would be contrary to law where it depended wholly upon testimony which was without probative value; and for that reason the judge erred in refusing the defendant a new trial.

*Judgment reversed.*

POWELL, J., concurring specially.  I find in the record sufficient circumstances to corroborate the confession, if it were held to be freely and voluntarily made.  I doubt our right to overrule the finding of the jury, under the approval of the trial judge, that the confession was free and voluntary; still I am not so strongly impressed with this view as to justify me in dissenting from the judgment of my associates in granting a new trial on this ground.