### 2186.   MILNER v. THE STATE.

HILL, C. J.   1. Exclusive of the testimony of the accomplice, the evidence of the corpus delicti is uncertain and unsatisfactory; and the law requires that the testimony of the accomplice should be corroborated by other facts and circumstances, tending to establish the commission of the crime as charged in the indictment.   Penal Code, § 1005; *Allen* v. *State*, 4 *Ga. App.* 458 (61 S. E. 840) ; *Bines* v. *State*, 118 *Ga.* 320 (45 S. E. 376, 68 L. R. A. 33) ; 1 Enc. Ev. 105, and cases cited; *Cornell v.* State, 24 Tex. App. 404 (6 S. W. 318).

2. It is well settled that to warrant a conviction based on the testimony of an accomplice, the corroborating evidence must, independently of his testimony, connect the defendant with the commission of the offense and tend to show his guilt.   A grave suspicion of the defendant's guilt is not sufficient.   The corroborating evidence should be of such weight and character that, when considered in connection with the testimony of the accomplice, the defendant's guilt is proved beyond a reasonable doubt.   *Childers* v. *State*, 52 *Ga.* 106; *Chapman* v. *State*, 112 *Ga.* 56 (37 S. E. 102) ; *Cochran* v. *State*, 113 *Ga.* 736 (39 S. E. 337) ; *Brandon* v. *State*, 108 *Ga.* 786 (33 S. E. 811).

3. The verdict of guilty in this case rests entirely upon the uncorroborated testimony of the accomplice, and is therefore unauthorized by law.

*Judgment reversed.*

Indictment for larceny; from Spalding superior court—Judge Reagan.   September 13, 1909.

Argued October 26,—Decided December 4, 1909.

*Cleveland & Goodrich, W. E. H. Searcy Jr.,* for plaintiff in error.
*J. W. Wise, solicitor-gener'l,* contra.