## CLARE et al. v. DREXLER.

BECK, P. J. 1. An assignment of error complaining of the refusal of the trial court to allow a named witness on direct examination to answer a question, which fails to state literally or in substance what the witness would have testified had he been permitted to answer the

question, is insufficient to present any question for decision. *Cobb* v. *Coffey,* 149 *Ga.* 264 (99 S. E. 864); *Rogers* v. *Condon,* 144 *Ga.* 390 (87 S. E. 397); *Featherston* v. *American National Bank,* 146 *Ga.* 13 (90 S. E. 282).

2. An assignment of error upon the ruling of the court in regard to the admission of certain maps in the return of processioners, and the admission of certain evidence in reference to these maps, will not be considered where it does not appear from the ground of the motion itself what the maps show and no copy of the maps is set forth in the ground or attached to the motion as an exhibit.

3. A ground of the motion for new trial, assigning error upon the overruling by the court of a motion to rule out evidence, which does not set forth in substance the evidence alleged to be objectionable or attach the same to the motion as an exhibit, is incomplete, and the court will not look to other grounds of the motion nor to the record to complete such ground.

4. Certain grounds of the motion for new trial relate to the admission of evidence, but neither the materiality of this evidence nor that it has any probative value is made to appear; and the court will not grant a new trial upon the ground that such evidence was admitted, even though the evidence is apparently irrelevant.

5. An assignment of error on the ground that the court erred in admitting certain evidence, without showing that it was objected to at the time it was offered, and upon what ground the objection was based, raises no question for decision.

6. An assignment of error in a motion for new trial, relating to the admission or rejection of the testimony of a witness, should show the name of such witness. *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192); *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523). This ruling covers grounds 8, 9, 10, 11, 14, and 19 of the motion.

7. In grounds 15 and 16 of the motion error is assigned upon the admission of the evidence of a named witness, but does not show upon what ground the objection is based; and the assignment of error is therefore incomplete.

8. An assignment of error upon the admission in evidence of a map by a named witness is without merit, where it fails to state at least substantially what the map shows and how it was hurtful to the movant. The mere objection to the evidence on the ground that it was made by one who was "not a competent surveyor and not competent to make a plat" is not sufficient to show error.

9. The grounds of the motion relating to the failure of the court to charge do not point out any essential issues not covered by the instructions given. If a more elaborate charge, covering certain presumptions arising from facts alleged to have been proved, was desired, a request for a charge upon those subjects should have been made.

10. A map, though made under order of the court granted upon the agreement of parties and made by a person appointed by the court, is not an official map or survey, and is not conclusive upon the parties.

11. In stating the contentions of the parties the court charged as follows: "The plaintiff further alleges and contends that starting from said

point and running south the defendant claims possession of a certain strip of land which at the southern point, seventy-one chains from the starting point, is seventy-one chains wide I presume from the pleadings, and twenty-three chains and twenty-three links wide at the south point, which land is a part and parcel of lot 208 to which plaintiff claims title, and said strip of land is not in the possession of said defendant; said line so insisted upon by defendant being at said southern point five chains east from the true original line between lots 207 and 208." This charge is excepted to upon the ground that it is a misstatement of the contentions of the plaintiff. The expression " which at the southern point, seventy-one chains from the starting point, is seventy-one chains wide," is obviously a mistake. .No opinion, however, is expressed as to whether the mistake would require the grant of a new trial, as the court will not commit the same error when charging the jury upon the next trial.

12. Where an order was taken in a pending suit, by agreement of the parties, for the appointment by the court of a surveyor to run a true line between two lots of land, one of which was owned by the plaintiff and the other by the defendant, and a surveyor appointed by the court to run such line surveyed the line and made a return thereof to the clerk of the superior court, certifying that this was the true line, the order providing for such return and the filing of the report, the party to whom the report was favorable was not entitled, upon motion, to have the survey thus returned made the judgment of the court and a decree entered accordingly.

(a) The order referred to above did not submit the case to the surveyor as an arbiter or umpire, so as to make the line run by him conclusive upon the parties; but upon the trial of the case they could contest the correctness of the line.

(b) Nevertheless the survey and plat made in accordance therewith and so returned by the surveyor appointed as above shown were presumptively correct, and the court erred in admitting the plat and return in evidence with such restriction put upon them as deprived them of the force of this presumption.

13. As the case is remanded for a new trial, no opinion is expressed as to the sufficiency of the evidence to support the verdict, nor as to the sufficiency of the evidence to authorize certain charges which are complained of on the ground that there was no evidence authorizing them.

*Judgment reversed. All the Justices concur.*

No. 2666.  DECEMBER 15, 1921.

Complaint for land.  Before Judge Gower.  Ben Hill superior court.  May 2, 1921.

*D. E. Griffin* and *George F. Gober,* for plaintiffs.

*Eldridge Cutts* and *A. J. McDonald,* for defendant.