22109.  BROXTON *v.* THE STATE.

DECIDED APRIL 30, 1932.

*John E. Drake,* for plaintiff in error.
*F. E. Strickland, solicitor,* contra.

LUKE, J.  John Broxton excepts to the overruling of his motion for a new trial in a case in which he was convicted of possessing intoxicating liquor.

It is sufficient to say, in regard to the general grounds of the motion for a new trial, that there was positive testimony that the defendant had whisky in his manual possession within the statutory period, and that, notwithstanding testimony and circumstances tending to discredit the witnesses so testifying, the jury saw fit to believe the State's witnesses. Of course, in this situation, this

court is constrained to sustain the ruling of the trial judge upon the general grounds.

Special ground 1 of the motion for a new trial avers that the court erred in allowing the State to introduce in evidence "a certain strip of rough tablet paper bearing the written name 'Oscar,' with the figure 1 by the side of it, and the written name 'John,' with the figure 1 by the side of the name," for the reason that "there had been no identification of said strip of paper that would in any way connect the defendant with it or show that he had ever seen or heard of the said strip of paper," and "the same was immaterial, illegal, and had no connection with the cause being tried." Special ground 2 insists that the trial judge erred in admitting in evidence "three criminal bonds . . identified . . as having been signed by the said defendant, . . which said bonds . . were admitted in evidence over objections of counsel for defendant, on the grounds that the witness had not qualified as an expert on handwriting (reference being had to the witness who identified defendant's signature), and that the said documents were immaterial to the case and illegal testimony, and had no connection with the cause before the court."

Both the foregoing grounds are deficient, in that neither of them is complete and understandable within itself, and particularly in that neither of them discloses how the evidence referred to was material, or harmful to the movant. *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523) ; *Clare* v. *Drexler,* 152 *Ga.* 419 (8) (110 S. E. 176) ; *Allen* v. *State,* 29 *Ga. App.* 213 (114 S. E. 583) ; *Wilson* v. *Mc-Connell,* 36 *Ga. App.* 767 (138 S. E. 244).

Attached to counsel's brief is a juror's affidavit tending to impeach his own verdict. Of course, this court is not called upon to decide any question not raised by the record. However, it may be observed in this connection that section 5933 of the Civil Code (1910) reads as follows: "The affidavits of jurors may be taken to sustain, but not to impeach their verdict."

*Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*