### 25061. GARCIA, *alias* ALONZO, v. THE STATE.

DECIDED NOVEMBER 8, 1935.

*James R. Venable, Frank A. Bowers, Robert F. Turnipseed, Reuben A. Garland,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, J. H. Hudson,* contra.

GUERRY, J. The defendant was convicted of larceny from the house (a felony), and of simple larceny, under separate indict-

ments. It was alleged that he stole two suits of clothes from the place of business of Charles B. Daniel and L. Clayton Daniel on Saturday, January 12, 1935.

1. On the trial Charles B. Daniel testified that the defendant and a woman, Flora Tames, entered their store Saturday morning, January 12, 1935, and asked to see some suits, stating they were going to buy one for their father, who would be in in a few minutes; that he showed them some suits and began to attend to other business and in about five minutes they left. "Some clothing departed from our store after I showed them the suits of clothes. Monday morning when we checked up we were two suits short. We were short one brown double-breasted suit, and the other was a gray single-breasted suit." There was no objection to this testimony. Daniel further swore: "I know they checked short, because I have got a stock record. When we checked up Monday morning we were two suits short. We keep a stock record. Whenever a suit is sold, it is checked off and an entry made in the book, and the suit in the stock record is checked off." The defendant's counsel objected to this testimony on the ground that the stock record itself would be the best evidence. There was no violation of the Code of 1933, § 38-203 ("the best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for"), in admitting this evidence, for, (a), there was no attempt on the part of the witness to testify as to the contents of the record, his testimony being that the record *did not show* that they had been sold, and, (b), the testimony of the witness as to his personal knowledge that the suits were missing and had not been sold was admissible even though his knowledge might have been derived from books and records kept by himself.

2. Complaint is made that the court erred in admitting in evidence two suits of clothes which had not been finished as they usually are when sold, and which were not alleged to have been stolen by the defendant, also coat-hangers and a suitcase, all of which the officers found in possession of the defendant in his room at a hotel. *Held:* The court did not err in admitting these suits in evidence, although they were not alleged to have been stolen and there was no direct proof that they had been stolen. The State's evidence tended to show a scheme of the defendant in visiting various clothing stores and by trick and artifice taking suits

for the purpose of altering and tailoring them himself and disposing of them, and proof that he was found in possession of these suits tended strongly to prove the State's case. The suitcase was admissible for the reason, if for no other, that the defendant stated to officers he did not have any baggage. It does not appear that if there was error in the introduction of the coat-hangers how it was harmful or tended to prejudice the defendant's case.

3. A statement made by the judge in ruling on admissibility of certain testimony, that a witness had testified to certain facts stated and that the evidence was admissible on the question thus raised by this evidence, was not an intimation or expression of opinion as to what had been proved, but was an explanation to counsel of his ruling on the evidence. See *Hatcher* v. *State*, 8 *Ga. App.* 673 (70 S. E. 43).

4. The general grounds are without merit, and there was no abuse of discretion in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*