### 27541. DINGLER *v.* THE STATE.

DECIDED OCTOBER 25, 1939.

*C. G. Battle,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

BROYLES, C. J.   J. H. Dingler, Jack Gamble, and Kitty Gamble were jointly indicted for larceny of an automobile. Dingler was tried separately, and was convicted of the offense charged. His motion for a new trial was overruled, and he excepted. Special grounds 1 and 2 of the motion are merely elaborations of the gen-

eral grounds, and will be considered in connection with those grounds. Ground 3 complains of the admission of the following testimony (elicited by the State from its witness, Jack Gamble, on direct examination) : "Yes, Mr. Dingler and I had another stolen automobile. I don't know whose car that was. I don't know exactly the man's name. We got that car out of some garage on Ivy Street. Yes, Mr. Dingler knew that car was stolen. I told him it was a hot car. Yes, Mr. Dingler and I were using it; he was using it to haul whisky. I don't know officer W. D. Nash, personally. I know him when I see him. I did not have any transaction with Mr. Nash while Mr. Dingler and I were in this second car. Mr. Dingler got caught in that car with whisky in it. As to whether or not I was there, I left, I ran when Mr. Nash pulled up and blocked the car. I was under the wheel at the time. Mr. Dingler did not run; they were on him, and he didn't have a chance. As to how close officer Nash was to Mr. Dingler, he was just a split second in behind me; that is how quick it was." The testimony was objected to on the following grounds: "(a) That would be going into another separate and distinct transaction, from what Mr. Arnold says, and I object to it on that ground; the indictment is the issue here, as to whether or not this man stole this car; and for that reason, I ask the court to exclude that testimony. (b) That shows a separate and distinct transaction for which the man has not joined issue to try; it is a felony charge, and any fact or circumstance which shows that this man has that general reputation would not be admissible, it would be prejudicial to this man to introduce evidence of other unrelated transactions; and I ask the court to exclude the testimony." The court ruled: "Other crimes are admissible, although they are barred by the statute of limitations, and although they have been acquitted, and although they happened after the offense for which the man is on trial. I will let it in under the solicitor's statement." The ground shows that Mr. Arnold (the solicitor) had stated "that he proposed to show that, in addition to the car about which he was then on trial, defendant and the alleged accomplice had another stolen automobile in their possession, and that their scheme was to run whisky with the stolen automobiles; that they were together in the other stolen car, and that Gamble, at the time of defendant's arrest, got out and ran, and that they caught defendant as he got out and

ran from the automobile; that the State contended that showed a scheme and plan, and that the same two men were stealing automobiles at the same time, and that it came within the rule of similar transactions and when other crimes were admissible."

It will be observed that the witness did not testify that Dingler had stolen this other automobile or had assisted in its larceny. He testified merely that he and Dingler "had" this car and used it in their joint whisky business, and that Dingler knew it was a "hot" (stolen) car. The evidence objected to tended to establish a plan or scheme of the two men to use stolen cars for the safer transportation of whisky in their unlawful whisky business. This is true because the evidence showed that this other car was the one in which Dingler and Gamble were riding on April 28, 1938, with a load of whisky, when the officers seized the car and arrested Dingler, Gamble escaping; and that on the following day (April 29, 1938), the car charged in the indictment to have been stolen by Dingler and Gamble was stolen by them. There is a strong inference from the evidence that they stole the car on April 29, because the police had captured their other car on the preceding day. We think that the evidence as to the other-car transaction was properly admitted. This is a much stronger case for the State than that of *Green* v. *State*, 172 *Ga.* 635, 640 (158 S. E. 285), where the court said: "Testimony as to other transactions disconnected with that with which the defendant stands charged in the indictment, in both time and circumstance, may be used to show motive, scheme, or plan, and indeed the very nature or animus of the defendant when necessary either to identify and fix the offense upon him, or indeed to disclose the intent with which the accused acted, if there be doubt as to the intent with which the crime was committed." See *Sheppard* v. *State*, 44 *Ga. App.* 481 (3) (162 S. E. 413); *Sanders* v. *State*, 54 *Ga. App.* 238 (2) (187 S. E. 608); *Garcia* v. *State*, 52 *Ga. App.* 80 (2) (182 S. E. 526). Under the foregoing ruling, grounds 6, 7, 8, 9, and 11 are also without merit. Ground 4 complains that the court refused to allow counsel for the movant to propound, on cross-examination of the witness Gamble, the following question: "How many times have you been arrested?" We hold that the ruling was not error. This is a stronger case for the State than *Reid* v. *State*, 49 *Ga. App.* 429 (176 S. E. 100), where a witness for the State, on cross-ex-

amination, was asked: "How many times have you been in jail *charged with crime?*" (italics ours), and this court held that the refusal to allow the witness to answer the question was not error, because "'only conviction of crime involving moral turpitude serves as a basis for impeaching, or can be held to be a ground for discrediting, the testimony of a witness who has been thus convicted' [citing cases]. A fortiori, a witness's testimony can not be discredited by proof that he 'has been in jail charged with crime.'"

Ground 5 is based upon the admission of certain documentary evidence. This, under repeated rulings of this court, can not be considered, since the evidence is not set forth in the ground either literally or in substance, or attached thereto as an exhibit. Ground 10 alleges that the court erred in excluding the testimony of a witness for the defense, concerning an alleged conversation between the witness and Jack Gamble, a witness for the State. The testimony was offered for the purpose of disproving Gamble's testimony, and was objected to on the ground that the proper foundation for the evidence had not been laid. The judge ruled that he would sustain the objection until the foundation was laid. The ground fails to show that the foundation was laid by directing Gamble's attention to the time, place, etc., of the alleged conversation. The ruling of the court was not error. "A proper foundation must be laid, in order to introduce evidence of statements made by a witness in a conversation, for the purpose of impeaching him." *Penn* v. *Thurman,* 144 *Ga.* 67 (8) (86 S. E. 233). Ground 12 assigns error on the refusal of the judge to send to the jail and bring back Jack Gamble, for the purpose of again being cross-examined by counsel for movant, "at the close of the evidence on the third day of the trial." The record shows that Gamble had already been twice on the witness stand, and on each occasion had been cross-examined by counsel for movant. The evidence had closed, and Gamble had been returned to the jail. Under these circumstances, the court did not abuse its discretion in refusing counsel's motion. The remaining grounds assign error on several excerpts from the charge of the court. These excerpts, considered in the light of the charge as a whole and the facts of the case, disclose no harmful error.

As to the general grounds and the elaborations thereof: While Jack Gamble, an accomplice of the accused, was the principal

witness for the State, his testimony was sufficiently corroborated by other evidence which directly, and independently of the testimony of Gamble, connected the accused with the offense charged and led to an inference of his guilt. It follows that his conviction was authorized by the evidence.

Judgment affirmed. *MacIntyre and Guerry, JJ., concur.*