### 30705. VAUGHN *v.* THE STATE.

Decided December 5, 1944.

*James R. Venable, Frank T. Grizzard, Jackson L. Barwick,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, Reuben Garland,* contra.

Broyles, C. J. The defendant was convicted of the offense of robbery by force and intimidation, and his motion for a new trial was overruled. The undisputed evidence showed that the defendant, together with his minor son and Eual Widner, and two other

persons, drove in the defendant's automobile to a filling station; that the son was driving the car; that the son and Widner got out of the car and robbed the operator by force and intimidation; that the defendant was intoxicated and remained in the car during the robbery; that the robbery occurred about 10 o'clock at night in February, 1944; that the defendant's minor son put the money (the proceeds of the robbery) in his pocket and drove away in the car; that the defendant then got out of the car and went into a liquor store. One witness testified that both the defendant and the son went together into the liquor store after the robbery. The defendant in his statement to the jury said he was drunk and did not remember anything about the robbery; but the evidence shows that he was able to get out of the car and to walk therefrom into the liquor store shortly after the robbery.

In our opinion the jury were authorized to find from the evidence that the defendant, his son, and Eual Widner had entered into a conspiracy to commit the robbery and that they did commit it. Counsel for the accused contend that the evidence showed that the defendant was so drunk at the scene of the robbery that he was not criminally responsible for his acts in allowing his automobile to be employed in carrying out the robbery and in remaining in the car during the robbery. We think, however, that the jury were authorized to reject the defendant's statement as to the extent of his intoxication and to find from the evidence that he was not too drunk to know that the robbery was being committed; and that his furnishing his car, and his presence at the scene of the robbery, were acts of aiding and abetting in the commission of the robbery.

The overruling of the general grounds of the motion for new trial was not error. The special grounds, complaining of excerpts from the charge, when the excerpts are considered in the light of the entire charge and the facts of the case, show no cause for a reversal of the judgment. The special ground, complaining of the court's failure to charge certain principles of law applicable to the drunken state of the accused at the scene of the robbery, is without merit. The court charged the jury that if, because of drunkenness, one's mind should become so impaired as to render him incapable of forming an intent to commit an act or to understand that a certain consequence was likely to result from it, he would not

be criminally responsible for the act. That charge stated the principle of the charge which the ground contends should have been given. There was no request for an elaboration of the charge given.

The documentary evidence set forth in special ground 7 was admissible for the purpose of impeaching the State's witness Widner. The solicitor-general had stated to the court that he had been entrapped by the witness, and permission to introduce evidence to impeach him was granted by the court. Where the solicitor-general has been entrapped by a witness for the State, he may introduce evidence to impeach the witness. *Wilbanks* v. *State*, 41 *Ga. App.* 268 (152 S. E. 619). The overruling of the motion for new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*