### 32109. KING *v.* THE STATE.

Decided September 30, 1948.

*James R. Venable, Frank Grizzard, Frank A. Bowers, H. C. Morgan,* for plaintiff in error.

*Paul Webb, Solicitor-General, James W. Dorsey, William Hall,* contra.

GARDNER, J. The defendant was indicted jointly with J. C. Graham, alias Rocky Allen, for robbery of a liquor store by force and intimidation. The defendant was tried separately. The State proved the corpus delicti. In addition, the State introduced J. C. Graham, alias Rocky Allen, an admitted accomplice in the crime. This accomplice testified that he met the defendant about two weeks before the alleged robbery in question, and that they planned the robbery in question and other robberies, including a robbery under indictment No. 62475 against Radford King and

others on which a plea of not guilty was entered and a verdict of guilty found by a jury on December 16, 1947, along with the indictment in the instant case. As to indictment No. 62475, of a previous conviction, the whole record with reference to it is as follows:

"The Court: Anything more, Mr. Grizzard? Mr. Grizzard: No, sir. The Court: Anything for the State? The State tenders the other indictment? Mr. Dorsey: Yes, sir. The Court: And they object to it? Mr. Venable: Yes, sir, we object to it on the ground it places his character in issue, being prejudicial. The Court: I overrule the objection and admit it in evidence. Mr. Dorsey: If Your Honor please, the State tenders in evidence indictment number 62475 against Radford King and others for the offense of robbery, on which plea of not guilty was entered and a verdict of guilty found by a jury on December 16, 1947. The Court: For what purpose do you offer it? Mr. Dorsey: For the purpose of contradicting and impeaching the defendant's statement on the stand that he never went with this fellow anywhere to rob anybody. We contend that places his character in issue and we tender it now for that purpose. The Court: I admit it solely for that purpose and for no other purpose, solely to contradict, if it does, the statements by him from the witness stand."

While the indictment and the previous conviction of the defendant were evidently introduced in evidence, from what appears above, yet the date of that crime or who was robbed does not appear. The proceedings in the previous conviction of the defendant are not mentioned in the evidence or attached as an exhibit to the brief of evidence. What we have stated above is the entire reference from the record as to such previous convictions. The defendant in his statement denied that he had been with the accomplice or had taken part with him in the robbery for which he was being tried and denied that he had been with the accomplice on any other robbery. It will be noted that the trial court restricted the jury in its consideration of the previous offense of robbery for which the defendant was convicted in indictment No. 62475 to one question of consideration only, and that was for the sole purpose of contradicting the statement of the defendant that he was not with the defendant on the occasion of the robbery for which the defendant had been previously convicted. In other

words, it was admitted by the court for the sole purpose of impeaching the defendant's statement as to whether he participated in the robbery for which the defendant had been previously convicted. This evidence with reference to the previous conviction of the defendant was restricted, by the court's ruling, to the question of whether the defendant was impeached by such proceedings regarding the participation of the defendant with the accomplice in the robbery for which he had been previously convicted. The jury were authorized to find that the defendant's statement was impeached in this regard. The question then arises whether, in the event the defendant's statement was so impeached, such evidence had any probative value in establishing the fact that there was evidence independent of the statement of the accomplice that the defendant was identified as a coconspirator with the accomplice in the commission of the crime for which he was being tried. We do not think that the introduction of the proceedings as to the previous conviction of the defendant had any probative value to this end. Code § 38-121 provides that, where the only witness is an accomplice, in order to convict, such testimony must be corroborated. It is the general rule and is well settled that, to warrant a conviction based on the testimony of an accomplice, the corroborating evidence must, independently of the accomplice's testimony and of itself, connect the defendant on trial with the commission of the offense and tend to show his guilt. A grave suspicion of the defendant's guilt is not sufficient. See *Milner* v. *State*, 7 *Ga. App.* 82 (66 S. E. 280); *Sanders* v. *State*, 46 *Ga. App.* 175 (167 S. E. 207); *McCalla* v. *State*, 66 *Ga.* 346.

When we restrict the authority of the jury within confines of the trial court's ruling as to the previous conviction of the defendant for burglary, we find that it can have no other effect than to eliminate from the record the statement of the defendant. With the statement of the defendant eliminated, just what do we have in the way of evidence to corroborate the testimony of the accomplice? There is no evidence in the record either circumstantial or direct, other than that of the accomplice, which independently and of itself tends to establish the guilt of the accused in the instant case. We realize that the corroborating evidence, whether by circumstances or other evidence, sufficient to inde-

pendently connect the defendant with the perpetration, need be only slight. We have studied this evidence carefully. We fail to find any corroborating evidence or circumstances sufficient to corroborate the testimony of the accomplice as to the defendant's guilt. The only other corroborating circumstances which would remotely corroborate the testimony of the accomplice is as to the time and the place where he met the accused about two weeks prior to the commission of the offense in question. And with reference to circumstances of the defendant and the accomplice being together at the defendant's home the night following the day they met, the defendant in his statement admitted this. We conclude, therefore, that since the evidence with reference to the former conviction of the defendant and the circumstances of their meeting and being together the night following at the defendant's home are all the evidence that tends in any wise to corroborate the evidence of the accomplice, it follows that the evidence is insufficient to sustain the conviction, under the general grounds.

Since the case may be tried again, we might add that, after a careful consideration of the special grounds, we find no merit in any of them. The opinion here is based solely on the ground that the evidence necessary to corroborate the evidence of an accomplice in this case is insufficient as a matter of law. We realize that the quantum of corroborative extraneous evidence necessary to connect the accused with the commission of a felonious crime, other than the testimony of the accomplice, is peculiarly within the province of the jury and need be only slight.

The court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*