37868. CHILDERS *v.* THE STATE.

DECIDED SEPTEMBER 28, 1959.

*John D. Edge,* for plaintiff in error.

*R. F. Chance, Solicitor-General,* contra.

CARLISLE, Judge. George W. Childers was convicted in the Superior Court of Gordon County for burglary alleged to have been committed on November 13, 1958, at a business establishment in said county. He made a motion for a new trial on the general grounds, which he amended by the addition of 11 special grounds. The trial court denied that motion and the exception here is to that judgment. The special grounds of the motion for a new trial are as follows:

"Ground 1. Because the following material evidence was illegally admitted by the court to the jury, over the objection of movant, to wit: Roy Davis after testifying about a burglary at his place advanced the information that a stolen car was left at his place. This statement was objected to for the reason it was a conclusion, immaterial, irrelevant and throwing no light on the issues involved in this case.

"Ground 2. George Hayes testifying on behalf of the State

testified that 'he had found two people who had seen the defendant driving a car resembling the one alleged to have been stolen.' This was objected to as being a conclusion, the court at this point said: I will let it in to explain his conduct thereafter, if any, but instruct the jury that what somebody else said is pure hearsay and it has no probative value whatsoever. The court at this point illegally admitted the evidence and in the later part of the charge failed to charge the jury on the principle of hearsay evidence.

"Ground 3. That the court entered the trial of the case on the side of the State by assisting the State's attorney in laying the foundation for the introduction of the confession, in making the following remarks: "No, it is not the court's place to instruct anybody but the jury on the law of the case, but when an objection is made upon the ground that someone hasn't complied with the law, I think it is the court's to call counsel's attention to what the law is. I do not believe you have shown that it was freely and voluntarily made. The movant objected to the court instructing the solicitor along the line set out as above, as the solicitor had not at that time laid the foundation for the introduction of the alleged confession.

"Ground 4. That the court allowed the State's attorney to lead the witness and suggest the answer as follows: In response to a question from the solicitor-general 'Why do you say that George he is objecting to it on the ground it was a conclusion.' The court at this point overruled the objection of the movant's attorney.

"Ground 5. That court illegally admitted hearsay evidence as follows: On January 10th I called Sheriff Davis about eight o'clock in the morning and the sheriff told me—This was objected to by movant on the ground that it was hearsay. The court sustained the objection but a moment later allowed the solicitor-general to introduce it for the purposes of explaining his conduct and made the statement that he would instruct the jury that that part of it which is hearsay has no probative value whatsoever, the court did not at a later time so instruct the jury.

"Ground 6. That the court illegally admitted the answers to questions propounded to the defendant by sheriff to the defend-

ant, movant moved to exclude any answers to question in response to that propounded by the said sheriff.

"Ground 7. The witness for the State was allowed at this point to read the confession of the defendant or movant. Movant objected to this on the ground it was testimony about another transaction subsequent to the one under investigation by the court at that time, the objection was overruled by the court. At the end of the alleged confession, movant made a motion for a mistrial on the ground that the confession tended to put the defendant's character in issue, and that the circumstances under it was given to the officers it was not voluntary, as the defendant had at all times since his arrest been in the custody of the officers. The objection and the motion for a mistrial was overruled by the court.

"Ground 8. Because the court allowed the sheriff Hughdon Davis to testify, the rule having been asked at the beginning at [of] the trial. Movant objected to the said witness Davis testifying, which objection was overruled by the court, the court stating: 'I know it, but the sheriff is an officer of the court, he can stay in the courtroom all of the time.'

"Ground 9. Movant objected to the reading of the confession in that it was a narrative of other crimes and tended to put the defendant's character in issue, this motion was overruled by the court. At this point the movant moved for a directed verdict on the grounds that the defendant was not proved guilty as charged, and that both statements be withdrawn from the jury on the ground they were not voluntary. This motion was overruled by the court. (a) Movant objected to the evidence in the form of a confession at the time it was offered. (b) The State offered the evidence in the form of a confession objected to. (c) The court at every objection overruled the motion and admitted the evidence. (d) The evidence in the form of a confession was prejudicial and hurtful to movant for the reason it tended to put his character in issue, and that the various parts of the confession was of things of which the movant had not been tried and convicted. (e) That name of the witnesses whose testimony was illegally admitted were George Hayes and Hughdon Davis.

(f) Movant avers that the inadmissibility of the evidence was beyond question.

"Ground 10. Because the court erred in giving the following charge to the jury: 'I charge you that if you find the offense alleged in the indictment was committed by someone, and that very soon thereafter the whole or any part of the goods so taken at the time the offense was committed, if any offense was committed, was found in the recent possession of the defendant, such possession if not satisfactorily explained consistent with his innocence, would authorize you to identify the defendant as the guilty party and to convict him of the crime charged.' Movant avers that said charge was erroneous and not sound as an abstract principle of law.

"Ground 11. That the court charge was not complete as he undertook to instruct the jury on the law relating to confession which did, leave the jury under the impression that they could lawfully render a verdict of guilty upon the confession alone. It was therefore, essential to the fairness of the trial that the jury should have distinctly understood that they could not convict on the confession alone, and that it was incumbent on them to pass on and determine the all important question whether or not the confession, if proved to their satisfaction, was corroborated by other evidence which, in connection with the confession itself, was sufficiently strong and convincing to satisfy their minds beyond a reasonable doubt of the guilt of the accused. It is not at all probable that the jury was led to believe that, if fully satisfied that the alleged confession was in fact made, they would be authorized to base a conviction thereon, if they saw fit to attach that much weight to same."

■ The special grounds of the motion for a new trial in this case (excepting the 10th ground) are all so defective in form and substance as to present no question for a decision by this court. This court is reluctant to dispose of questions which are sought to be raised for its decision on their merits on purely technical grounds. Nevertheless, the law as enunciated by the Supreme Court and by this court over the years in literally hundreds of cases has set certain bare minimum standards with which it is necessary that a party comply in order to properly

assign error in a motion for a new trial. While the tendency over the years may be said to be somewhat toward the relaxation of technical rules as to form, this tendency has not yet gone so far as to relieve the movant in a motion for a new trial from plainly and specifically assigning error on some ruling or judgment of the trial court. Among the rules formulated pursuant to this general proposition are those requiring that the movant in a motion for a new trial set forth either literally or in substance the evidence which he contends in such ground has been illegally admitted or excluded (*Clare* v. *Drexler*, 152 *Ga.* 419 (3), 110 S. E. 176; *Studstill* v. *Grower's Finance Corp.*, 165 *Ga.* 304, 140 S. E. 859) ; that he set forth therein how the admission or exclusion of such evidence was material and how it was hurtful and prejudicial to him (*Hunter* v. *State*, 148 *Ga.* 566, 97 S. E. 523; *Clare* v. *Drexler*, supra, headnote 4; *Mayor &c. of Gainesville* v. *White*, 27 *Ga. App.* 16 (1), 107 S. E. 571; *McGuire* v. *State*, 29 *Ga. App.* 192 (1), 114 S. E. 719; *Allen* v. *State*, 29 *Ga. App.* 213 (2a), 114 S. E. 583) ; that if the evidence admitted over objection or alleged to have been illegally excluded was the oral testimony of a witness, the name of the witness should be stated or set forth therein (*Hunter* v. *State*, supra (headnote 1) ; *Clare* v. *Drexler*, supra, (headnote 6)) ; and, that it set forth what objection was made to the evidence and the grounds thereof (*Thompson* v. *Lanfair*, 127 *Ga.* 557 (2), 56 S. E. 770; *Clare* v. *Drexler*, supra (headnote 7)). It has been held many times that a mere objection to evidence that it was incompetent or irrelevant or immaterial or without probative value is entirely too vague and indefinite to present any question for decision either by the trial court or by the appellate court. *Clarke* v. *State*, 41 *Ga. App.* 556 (4) (153 S. E. 616) ; *Crosby* v. *State*, 43 *Ga. App.* 220 (2) (158 S. E. 633).

While we are aware that, under the provisions of section 3 of the 1957 act (Ga. L. 1957, pp. 224, 232; Code, Ann., § 6-901), it is no longer necessary that a ground of a motion for a new trial be complete and understandable within itself, this act did not "obviate the necessity for making a definite and understandable assignment of error in the first instance." *Reserve Life Ins. Co.* v. *Gay*, 96 *Ga. App.* 601, 607 (101 S. E. 2d 158) ; *Harris*

v. *State*, 96 *Ga. App.* 395, 400 (100 S. E. 2d 120); *Kirby* v. *Whitlock-Dobbs, Inc.*, 97 *Ga. App.* 159 (3) (102 S. E. 2d 631); *Maxwell* v. *State*, 97 *Ga. App.* 334, 336 (103 S. E. 2d 162); *Emory University* v. *Lee*, 97 *Ga. App.* 680, 701 (104 S. E. 2d 234).

Special grounds 1, 2, 4, 5, 6, 7, 8 and 9 of the motion for new trial in the present case were all deficient in one or more of the ways pointed out above and were entirely too incomplete to present any question for this court's consideration. None of these grounds make any reference to the parts of the brief of the evidence or of the record by page number or otherwise so as to enable this court to ascertain what these assignments of error relate to. This court will not undertake an unguided search of the record in order to ascertain whether any error was committed by the court which may vaguely be connected with the particular matter referred to in the grounds of the motion for a new trial. When counsel makes a motion for a new trial, it is at least incumbent upon him to render to the trial court reasonable assistance in locating in the record and identifying the particular rulings and judgments of the court which he contends were error. When he fails to conform to plain and well established rules of law relating to the method of assigning error, he cannot complain in this court that the trial court erred in denying his motion, which is thus defective.

■ Special ground 3 of the motion does not show that any ruling by the trial court was invoked in connection with the occurrences therein referred to. Furthermore, it is not apparent in this ground how the statement of the trial judge was improper, or, if improper, how it was harmful or prejudicial to the defendant's case. It is not incumbent on the trial court in ruling upon objections to refrain from doing more than merely sustaining or overruling them. This ground is without merit.

■ Immediately following the portion of the charge complained of in ground 10, of the motion for a new trial, the court instructed the jury: "But to do this you must be convinced from other evidence that the offense charged has been committed, and the whole evidence taken together must exclude every other reasonable hypothesis save that of the guilt of the

accused." The charge complained of in this ground when read in its context was not erroneous as a matter of law and was applicable and pertinent to the case. *Wilson* v. *State,* 55 *Ga.* 324; *Lundy* v. *State,* 71 *Ga.* 360 (1); *Falvey* v. *State,* 85 *Ga.* 157 (1) (11 S. E. 607); *Mangham* v. *State,* 87 *Ga.* 549 (1) (13 S. E. 558); *Craig* v. *State,* 91 *Ga. App.* 418 (85 S. E. 2d 777).

■ In special ground 11 the complaint is, apparently, that the trial court did not charge the law on confessions. The State did not rely entirely on the confession of guilt for conviction. There was ample evidence which would have authorized the defendant's conviction in the absence of such confession. Accordingly, it was not error for the trial court to fail (if in fact he did so fail) to charge on the law relating to confessions. *Chapman* v. *State,* 28 *Ga. App.* 107 (2) (110 S. E. 332). Furthermore, this ground does not set out literally or in substance what law it is contended should have been charged, and for this reason it is so vague and incomplete that it presents no question for decision by this court.

■ The indictment charged the defendant with burglarizing Davis Brothers Chevrolet Company in Calhoun, Georgia. One of the owners of this business testified as to his discovering that the burglary had been committed, and that a blue Plymouth station wagon had been taken. This station wagon was missing for some six weeks after the burglary. It appears from the evidence that the defendant's father worked at the State Farmers' Market, near Atlanta, and that at about the time the burglary was alleged to have been committed he procured his employer to employ the defendant. This employer and another person who worked at the Farmers' Market testified to having seen the defendant driving a blue Plymouth station wagon when he came to work there. One of them asked the defendant how he managed to drive such an automobile and this witness testified that the defendant told him that the automobile belonged to his girl friend, but that he later told the witness that he and his brother were buying the automobile. After the automobile was recovered, one of the police officers drove it to Atlanta and these witnesses were shown the automobile and identified it as resembling the one which the defendant had been seen driv-

ing. This evidence, when considered in connection with the defendant's confession, was sufficient corroboration thereof and authorized the conviction.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*