## 38177.   BURTON v. BROWN.

CARLISLE, Judge.   1. While there is no longer a necessity that a special ground of a motion for a new trial be complete and understandable within itself (Ga. L. 1957, pp. 224-232), each ground of a motion should, nevertheless, point out or make references to such parts of the record or brief of the evidence by page number, or otherwise, as are necessary to an understanding of the error complained of, and a special ground of a motion for a new trial which fails to incorporate therein some reference by which the necessary parts of the record or the brief of the evidence may be found by the court, is too incomplete to present any question for decision.   *Harris* v. *State*, 96 *Ga. App.* 395, 399 (2) (100 S. E. 2d 120) ; *Maxwell* v. *State*, 97 *Ga. App.* 334, 336 (1) (103 S. E. 2d 162) ; *Brown* v. *Carmanni*, 100 *Ga. App.* 116, 122 (5) (110 S. E. 2d 543) ; *Childers* v. *State*, 100 *Ga. App.* 255, 258 (1) (110 S. E. 2d 697).

2. Special grounds of a motion for a new trial which require for their consideration reference to the evidence or to other parts of the record, should, under the rule announced in the preceding headnote, at least refer to the place in the record or in the brief of evidence where the other matters necessary for their consideration may be found.   Accordingly, special ground 1 of the motion for new trial which assigns error on a portion of the charge in that it, in effect, instructed the jury that the plaintiff was under no duty to use ordinary care to prevent injury to the defendant (and cross-complainant), and special ground 2 assigning error on another portion of the charge on the ground, in effect, that it excluded from the jury's consideration all of the allegations of negligence in the defendant's cross-action except one, both of which require for their full consideration reference to the brief of the evidence to ascertain whether there was any evidence tending to show that the plaintiff did fail to use ordinary care to prevent injury to the defendant, and whether there was any evidence to support the other allegations of negligence charged against the plaintiff in the cross-action, and which grounds do not have set forth therein or refer to the place in the brief of the evidence where such necessary portions of the evidence may be found, are too incomplete to show harmful or reversible error, and the trial court did not err in overruling them.   *County of Bibb* v. *Ham*, 110 *Ga.* 340 (1) (35 S. E. 656) ; *Mayor &c. of Macon* v.

*Humphries,* 122 *Ga.* 800 (5) (50 S. E. 986); *Davis* v. *Davis,* 95 *Ga. App.* 65 (2) (96 S. E. 2d 622).

3. Special ground 3 complains of the refusal to give the jury the following requested charge: "I charge you that if you should believe from the evidence in this case that the plaintiff, Mrs. Viola Brown, could have, in the exercise of ordinary care, and by keeping a proper lookout ahead, observed the movements and position of the automobile of defendant, Burton, in time to control the speed and movements of her automobile so as to avoid colliding with the Burton automobile, and if you find that she failed to exercise ordinary care in respect to such matters, the plaintiff would not be entitled to recover." It is contended that this request was pertinent and applicable to the issues in the case and that the court nowhere else instructed the jury the substance of it. This request did not correctly state the legal proposition sought by the defendant to be charged, and the court did not err in refusing to instruct the jury in accordance with it. The mere failure of the plaintiff to exercise ordinary care for her own safety, unless such failure was the sole proximate cause of her injury, or unless she failed to exercise ordinary care in avoiding the defendant's negligence *after it became apparent* to her, or after, by the exercise of ordinary care, she might have detected the defendant's negligence and then by the exercise of such ordinary care have avoided it, will not bar her recovery. "Negligence of the plaintiff not falling into one of these categories which concurs with negligence of the defndant in proximately causing the injury but which does not equal or exceed the negligence of the defendant goes in mitigation but not in bar of the recovery." *Conner* v. *Downs,* 94 *Ga. App.* 482 (2) (95 S. E. 2d 393).

4. In special ground 4 complaint is made because the trial court refused the defendant's request to charge the jury by reading to them the provisions of an ordinance of the City of Athens regulating the speed and movement of motor vehicles on the streets of that city. This ordinance had been pleaded by the defendant in her cross-action which the trial court read as a part of the pleadings in the case at the beginning of his charge to the jury. After instructing the jury that the pleadings were not evidence and merely formed the issues, the judge stated, "However, I call your attention to this: that the ordinance, or portion of an ordinance, set out in the cross-bill in

the answer of the defendant has, by agreement of the parties, been introduced into evidence under the agreement that that portion of such city ordinance is set out correctly. As to ordinances of municipalities I further charge you that the courts do not take judicial cognizance of city ordinances. In order for the jury and court to consider the terms of a city ordinance it must be pled and proved. That portion of the city ordinance which I have read to you is admitted by the parties to be correct and is in evidence. I charge you that if you should find from the evidence that the plaintiff, Mrs. Viola Brown, was, at the time of this collision, operating her automobile in violation of an ordinance of the City of Athens regulating speed, such illegal operation would constitute negligence per se on the part of the plaintiff." The refusal of the trial judge to further lengthen the charge by repeating the substance of the instructions given relating to this ordinance was not error. The jury could not well have misunderstood that the court was instructing them that the ordinance was a valid and subsisting law applicable to the parties in the case and that they would be authorized to apply the rule of law laid down thereby and to find that the plaintiff was guilty of negligence per se if she violated that ordinance. No harmful error is shown by the assignment of error in this ground of the motion for a new trial.

5. The evidence in the case was in sharp conflict. However, it clearly would have authorized the jury to find that the defendant attempted to make a left turn in heavy traffic directly in front of the plaintiff's automobile which was approaching from the opposite direction on a busily traveled thoroughfare, that the defendant, in effect, after beginning to make the turn and after crossing the center line of the street, observed the approach of the plaintiff's automobile and changed her mind, stopping her car directly in the path of the plaintiff's automobile which collided with her standing car. Whether or not the plaintiff was operating her automobile in excess of the speed limit, and if so, whether that fact contributed to the plaintiff's injuries, or was the proximate cause of the defendant's injuries, were questions solely for the jury to decide. The verdict was well within the range of the evidence, and the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

530

DECIDED APRIL 18, 1960.

*Erwin, Nix, Birchmore & Epting, Eugene A. Epting,* for plaintiffs in error.

*Stephens, Fortson, Bentley & Griffin, Edwin Fortson,* contra.