39478. MURRAY, Administratrix v. WOODS.

DECIDED JUNE 18, 1962—REHEARING DENIED JULY 6, 1962.

268

*Sheats, Parker & Webb, Guy Parker,* for plaintiff in error.
*Lee Hutcheson, T. J. Long, Ben Weinberg, Jr.,* contra.

EBERHARDT, Judge. ■ There was evidence concerning the manner in which this accident happened authorizing the jury to conclude that both the deceased and the defendant were negligent, and thus to apply the rule of comparative negligence in arriving at a verdict. Consequently, there is no merit in the general grounds. While plaintiff urges the inadequacy of the verdict, this is not a matter that can be reached by the general grounds, since in this case the claim of inadequacy rests entirely upon the proposition that nothing was included in the verdict for pain and suffering. "The amount of damages returned by the jury in . . . a verdict, for pain and suffering, sustained because of alleged negligence, being governed by no other standard than the enlightened conscience of impartial jurors, the question of the inadequacy of the verdict is not one which can be raised by the general grounds in a motion for new trial. [Citations]." *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705, 707 (2) (181 SE 315).

While there are instances when the general grounds may reach the matter of excessiveness or inadequacy of the verdict (Cf. *Bishop & Parsons v. Mayor &c. of Macon,* 7 Ga. 200; Mc-

*Lendon v. Floyd*, 59 Ga. App. 506, 1 SE2d 466; *Tallent v. Mc-Kelvey*, 105 Ga. App. 660, 125 SE2d 65), they are confined to situations in which there is a reasonably certain measure of damages, as for loss of goods, loss of services, funeral bills, medical bills, hospital bills and the like. But in instances when there is no standard or measure of damages other than the enlightened conscience of the juror, as in actions to recover damages for assault and battery, for libel, for criminal conversation, malicious prosecution, for pain and suffering and the like, the rule of *Trammell* must be applied.

■ The special ground of the motion for new trial is really no more than an elaboration of the general grounds, without including a specification or designation of the evidence necessary for its consideration. So treated it must fall under the rule of *Trammell*. Treated as a special ground it will be seen that it fails to meet the requirement of specifying the evidence necessary for its consideration. *Burton v. Brown*, 101 Ga. App. 527 (2) (114 SE2d 386).

But, additionally, an affirmance must result because the jury here dealt with a situation in which the rule of comparative negligence, appropriately charged, was applicable. In a similar situation it was held in *Pierson v. M. & M. Bus Co.*, 74 Ga. App. 537 (40 SE2d 561) that "Every presumption and inference is in favor of the verdict, and the verdict in this case, for the same amount claimed as special damages, was not so small as to justify an inference of gross mistake or undue bias." Cf. *Price v. Whitley Const. Co.*, 91 Ga. App. 257 (85 SE2d 528). "It must also be kept in mind here that the court charged the principle of law with reference to the apportionment of damages. Under this principle, the jury might have considered that the plaintiff was somewhat negligent but the defendant was more negligent, and have apportioned the damages accordingly." *Colonial Stores v. Coker*, 77 Ga. App. 227, 234 (9) (48 SE2d 150). And, as was pointed out in *Pierson*, supra, "it seems to us that the verdict found by the jury, although it was in the exact sum claimed as special damages, could have included in the minds of the jury some amount for pain and suffering or general damages." p. 540.

Though the evidence may have authorized a different verdict (*Stephenson v. Meeks*, 141 Ga. 561 (4), 81 SE 851), or even if the evidence preponderate against the verdict (*Slaton v. Fowler*, 124 Ga. 955 (1), 53 SE 567), or if the verdict does not correspond with the contentions of either party (*Hawley Down Draft Furnace Co. v. Van Winkle Gin &c. Works*, 4 Ga. App. 85 (2), 60 SE 1008), unless some error of law appears, this court will not disturb the overruling of a motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*