40448. SEAY v. THE STATE.

Decided December 4, 1963.

*Stow & Andrews, Frank B. Stow, Robert E. Andrews,* for plaintiff in error.

*Alfred A. Quillian, Solicitor General,* contra.

Frankum, Judge. L. G. Seay was jointly charged with Harold Chancey, Larry McBride, Harold Reese, Horace Weldon Reese, and Robert Thurmond, in a two-count indictment, with the larceny of two automobiles. He elected to sever, was tried and convicted on the first count, involving the theft of a Chevrolet automobile, the property of Robert Teal, and acquitted on the second count. His motion for a new trial on the general grounds and on seven special grounds was overruled, and he assigns error on that judgment.

The State relied heavily on the testimony of an alleged accomplice, Larry McBride. As to his testimony it is sufficient for us to say that, if believed by the jury and if sufficiently corroborated, it would have authorized a finding that the defendant participated as a principal conspirator in the theft of the automobile as charged in the first count. The defendant's home was in Dawson County. The theft of the automobile described in count 1 of the indictment took place in Barrow County on the night of February 5, or early morning of February 6, 1963. The accomplice's testimony tended to show that the modus operandi of the persons accused involved taking the automobiles and removing them to some secluded spot where they would be "stripped" or disassembled and the parts then conveyed to another county and sold. McBride testified that he was on leave "or absent without leave" from duty in the U. S. Navy, and that in company with Robert Thurmond he went to the defendant Seay's house in Dawson County where he had a conversation with the defendant Seay, drank a beer in the kitchen of his house, and

that thereafter he, Horace Reese, Robert Thurmond, and the defendant Seay traveled together the some 50 or 60 miles to Barrow County where they joined with Harold Chancey and Harold Reese in the theft of certain automobiles, including the one referred to in count 1 of the indictment. The Chevrolet automobile was removed to a remote or secluded spot where it was "stripped" and certain parts thereof, including the engine, were loaded into a pickup truck, and the defendant Seay in company with Harold and Horace Reese left in the truck to dispose of the parts.

So far as we are able to find, the only evidence introduced by the State tending to corroborate the accomplice in any particular was testimony by the sheriff that while he was engaged in investigating the theft of the Chevrolet automobile he passed the home of Harold Chancey and observed a pickup truck "sitting parked into his barn" with Harold Chancey standing beside it talking to Lloyd Seay whom he recognized standing "in the door" at the right side of the truck. At that time the sheriff was riding in an automobile along the public road in front of Chancey's home, and by the time the automobile was brought to a stop, turned around and driven back to Chancey's place, the driver had pulled the pickup truck into the road. After a chase the driver and occupants of the truck abandoned it, and the truck together with the parts of the stolen Chevrolet therein was recovered. The sheriff testified that there were three persons in the truck, but he did not identify the defendant Lloyd Seay as being one of them. It does not appear from any testimony in the record under what circumstances the defendant was apprehended. There was nothing else tending to corroborate the accomplice other than an admission made by the defendant Seay in his statement that the accomplice visited the house where he lived with his parents, but the defendant denied, as did his father in his sworn testimony in his behalf, that the accomplice did more than stop in front of his house, and he denied specifically that the accomplice or Thurmond, who was with him, came into the house or that they drank beer there. The defendant introduced two witnesses who testified to his presence at "Free Hope," New Jersey, at the time of the alleged theft of the automobile.

There can be no conviction of a felony based on the testimony of an accomplice unless such testimony be corroborated by other evidence directly connecting the defendant with the crime or tending to show his participation therein. *Childers v. State,* 52 Ga. 106, 110, 117; *Whaley v. State,* 177 Ga. 757 (2) (171 SE 290); *Gilbert v. State,* 27 Ga. App. 604, 606 (109 SE 697); *Wiggins v. State,* 80 Ga. App. 258, 262 (3) (55 SE2d 842); *Parker v. State,* 86 Ga. App. 497, 498 (71 SE2d 765). Ordinarily, the sufficiency of the corroborating evidence is particularly for the jury. *Whaley v. State,* supra; *Sheppard v. State,* 44 Ga. App. 481, 487 (1) (162 SE 413); *Parker v. State,* supra. In such circumstances only slight evidence connecting the defendant with the crime is required to corroborate the testimony of the accomplice, *Bell v. State,* 73 Ga. 572, 574, *Whaley v. State, Gilbert v. State, Sheppard v. State,* and *Parker v. State,* supra, and it is not essential that such corroborating evidence be in and of itself sufficient to sustain a verdict of guilty, nor is it essential that the accomplice be corroborated in every material particular. *Gilbert v. State, Sheppard v. State, Whaley v. State,* supra. However, it is essential that there be some evidence which directly and independently of the testimony of the accomplice connects the defendant with the perpetration of the crime or leads to an inference that he is guilty, *Sheppard v. State, Wiggins v. State,* supra, and citations, and evidence which raises no more than a grave suspicion of the defendant's guilt is not enough. *Taylor v. State,* 110 Ga. 150 (3) (35 SE 161); *Whaley v. State,* supra; *King v. State,* 77 Ga. App. 720, 722 (49 SE2d 790); *Wiggins v. State,* supra. In the latter case the defendant was or had been a friend of the accomplice, and was seen riding in the stolen automobile in company with the accomplice and others, all of whom, according to the accomplice, had entered into an agreement to steal the automobile. It was held that this evidence was insufficient to corroborate the accomplice's testimony that the defendant had participated in the theft of the automobile, or independently of the testimony of the accomplice, to directly connect the defendant with the crime or to lead to an inference that he was guilty. If that ruling be correct, the much weaker evidence as to circumstances in this

case which never placed the defendant in possession of the stolen motor vehicle or its parts, either alone or jointly with the accomplice or others, and which showed at most that he was acquainted with the accomplice and some of the other indictees was wholly insufficient to do more than raise a suspicion that the defendant was in some way connected with the theft of the automobile. Such evidence was not sufficient to corroborate the testimony of the accomplice and to authorize the verdict of guilty based on the testimony of the accomplice.

■ Where the solicitor general calls a witness, and after questioning him, states to the court that he has been entrapped by the witness, it is proper for the court to allow him to cross examine the witness. *Peurifoy v. State,* 53 Ga. App. 515 (186 SE 461). Under such circumstances it is permissible for the solicitor to introduce evidence to impeach the State's witness. *Vaughn v. State,* 71 Ga. App. 800, 802 (32 SE2d 310). In this case the solicitor called one of the joint-indictees, Robert Porter Thurmond, and after asking him a few questions, the solicitor stated to the court that he had been entrapped. Thereafter, the court permitted the solicitor to cross examine the witness and to ask him leading questions over the objection of counsel for the defendant that the solicitor had offered no evidence that he had been entrapped. Under the authorities above cited the mere statement of the solicitor made in his place that he was entrapped was sufficient, and the court did not err in overruling the motion for a mistrial as complained of in the first special ground and in permitting the witness to be cross examined as complained of in the second special ground of the motion.

■ The third special ground complains because the court excluded testimony by a witness for the defendant to the effect that the sheriff had made a statement to him that the defendant Seay was not among those whom he recognized as being present at the truck when it was seen by him in Harold Chancey's yard. This ground is incomplete, *Burton v. Brown,* 101 Ga. App. 527 (1, 2) (114 SE2d 386), because it fails to show either in the ground itself or by reference to the record that the proper foundation had been laid by directing the sheriff's attention to the

time, place, and circumstances of such previous allegedly contradictory statement. *Code* § 38-1803; *Eugee v. State,* 159 Ga. 604 (9) (126 SE 471) ; *Dingler v. State,* 60 Ga. App. 822, 825 (5 SE2d 406) ; *Smith v. Payne,* 85 Ga. App. 693, 700 (9) (70 SE2d 163).

Special ground 4 assigns error because the court charged the jury the law with respect to the quantum of proof necessary to convict on circumstantial evidence, the contention being that such charge was not authorized because the State's case depended entirely on direct evidence. Special ground 5 assigns error on an excerpt from the charge on the ground that it was an expression of an opinion that the defendant was guilty as charged. Special ground 6 assigns error on a lengthy portion of the charge respecting conspiracy, the contention being that this charge was not authorized because there was no evidence of a conspiracy by the defendant and the other persons named in the indictment. None of these assignments of error is meritorious.

The final special ground assigns error because oral testimony quoted therein was admitted over the objection that it related to statements "made by someone out of the presence of the defendant on trial and same was hearsay and inadmissible." This ground does not disclose the name of the witness, and for this reason it cannot be considered. *Clare v. Drexler,* 152 Ga. 419, 420 (6) (110 SE 176) ; *Childers v. State,* 100 Ga. App. 255, 259 (110 SE2d 697).

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*